UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ROBERT WATERS,

    Petitioner,

v.                                      Case No. 3:21-cv-580-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

_____

## ORDER

### I. Status

Petitioner James Robert Waters, an inmate of the Florida penal system, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] In the Petition, Waters challenges a 2013 state court (Duval County, Florida) judgment of conviction for manslaughter and possession of a firearm by a convicted felon. He raises four grounds for relief. See Petition at 5-12. Respondents submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Motion to Dismiss Petition for Writ of Habeas Corpus

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

(Response; Doc. 5). They also submitted exhibits. See Docs. 5-1 through 5-20. Waters filed a brief in reply. See Reply (Doc. 6). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual

> predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. The Mailbox Rule

Respondents contend that Waters has not complied with the one-year limitations period set forth in § 2244(d). See Response at 5-11. As an initial matter, the parties disagree as to the Petition's filing date. Respondents argue the Petition's filing date is June 7, 2021, the date it was received and docketed by the Court. See Response at 5. However, Waters argues that, pursuant to the mailbox rule, he timely filed the Petition on May 21, 2021, the day he signed it.[2] See Reply at 2-6. Because the Petition's filing date is determinative of the timeliness analysis, the Court will first determine whether the mailbox rule applies in this case.

Because a prisoner proceeding pro se has no control over the mailing of a pleading, courts deem a pleading filed at the time the prisoner delivers it to

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

3

prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270-72 (1988). "Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). And absent evidence to the contrary (such as prison logs or other records), a pleading is deemed delivered to prison authorities for mailing on the day the prisoner signed it. Id. In accordance with the mailbox rule, Rule 3(d) of the Rules Governing Section 2254 Cases provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Here, Respondents argue that the Court should not apply the mailbox rule to the Petition, and instead should consider the date the Petition was docketed, June 7, 2021, as the filing date. Response at 5. According to Respondents, the Florida Department of Corrections (FDOC) has a system designed for legal mail and the date a paper is deposited is demonstrated by a stamp that has the institution's name, the date the paper was deposited and a space for a prison official's initials. Id. at 10-11. Respondents assert that

because the Petition does not include an FDOC mail stamp, Waters failed to use the legal mail system, and the mailbox rule does not apply. Id. In reply, Waters argues that he filed the Petition on May 21, 2021, when he signed the Petition, and the Court should apply the mailbox rule using that date. Reply at 1-4.

Considering the record, the Court determines Waters is entitled to the benefit of the mailbox rule. Although the Petition does not contain a prison mail stamp from Tomoka Correctional Institution (where Waters was incarcerated at the time), it includes a certificate of service stating that the Petition "was placed in the prison mailing system" on May 21, 2021. See Petition at 16. Waters signed the Petition on that same date. Id. Additionally, the mailing envelope contains a return address for Waters at Tomoka CI as well as a postmark stamp stating it was "mailed from a state correctional institution." See Doc. 1-1. These facts support a finding that Waters used the legal mail system at Tomoka CI and handed the Petition to prison authorities on May 21, 2021, the date he signed the Petition.

Respondents have presented no evidence, such as declarations or prison mail logs, to contradict Waters' assertion that he handed the Petition to prison authorities on May 21, 2021. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) ("In explaining why the Government bears the

5

burden of proof, the Supreme Court has noted that prisons 'have well-developed procedures for recording the date and time at which they receive papers for mailing and [ ] can readily dispute a prisoner's assertions that he delivered the paper on a different date.'") (quoting Houston, 487 U.S. at 275) (alteration in original). As such, the information before the Court supports the conclusion that Waters handed the Petition to prison authorities on May 21, 2021. Accordingly, Waters is entitled to the benefit of the mailbox rule, and the Court finds that he filed the Petition on May 21, 2021.

### IV. Timeliness

The following procedural history is relevant to the one-year limitations issue. On July 11, 2013, a jury convicted Waters of manslaughter and possession of a firearm by a convicted felon. See Doc. 5-1 at 134-35. The trial court sentenced Waters on September 16, 2013. Id. at 139-43. Waters appealed, and on July 8, 2015, the First District Court of Appeal (First DCA) affirmed Waters' convictions and sentences in a written opinion, see Waters v. State, 174 So.3d 434 (Fla. 1st DCA 2015). See Doc. 5-9 at 4-6. The First DCA issued the mandate on October 8, 2015. Id. at 3.

Waters subsequently sought to invoke the discretionary jurisdiction of the Florida Supreme Court. See Doc. 5-10. On September 13, 2016, the Florida Supreme Court declined to exercise jurisdiction and denied Waters'

petition for discretionary review. See Doc. 5-11. Waters' convictions and sentences became final 90 days later on December 12, 2016, when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Lewis v. Warden, Phillips State Prison, 641 F. App'x 878, 881-82 (11th Cir. 2016) ("[F]or purposes of AEDPA's limitations period, when a party petitions a 'state court of last resort' to review a judgment by a lower state court, the time for seeking review of the judgment expires 90 days after the state court of last resort either enters its judgment or enters an order denying discretionary review. And with the expiration of that time AEDPA's limitations period begins to run.").[3]

The one-year limitations period began to run on December 13, 2016, and ran for 196 days until June 27, 2017, when Waters, through counsel, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.[4] See Doc. 5-12 at 5-12. The postconviction court denied the Rule 3.850 motion on July 27, 2017. Id. at 14-17. On March 28, 2019, the

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] In the Motion, Respondents incorrectly used June 21, 2017 as the filing date for the counseled Rule 3.850 motion. See Motion at 7. Because Waters' counsel electronically filed the Rule 3.850 motion, the mailbox rule is inapplicable and the Court uses the electronic filing date of June 27, 2017. See Doc. 5-12 at 5, 12.

First DCA affirmed in part, reversed in part, and remanded the postconviction court's denial of the Rule 3.850 motion. See Doc. 5-16 at 3-6; Waters v. State, 267 So. 3d 538 (Fla. 1st DCA 2019). The court issued the mandate on April 25, 2019. See Doc. 5-16 at 2. After conducting an evidentiary hearing on remand, the postconviction court again denied relief. See Doc. 5-17 at 30-36. The First DCA per curiam affirmed the denial of relief on November 10, 2020, and issued the mandate on December 1, 2020. See Doc. 5-20. The running of the one-year limitations period resumed the next day, December 2, 2020, and ran for 169 days until it expired on May 20, 2021. Giving Waters the benefit of the mailbox rule, he did not file the Petition until May 21, 2021, after the one-year limitations period had expired. Therefore, the Petition is untimely filed based on the record, and due to be dismissed unless Waters can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights

8

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Waters to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Waters simply has not argued that equitable tolling is warranted. "As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations'" and, therefore, "confusion or ignorance about the law" does not constitute extraordinary circumstances. Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (citations omitted). Because Waters has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Waters seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Waters "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Upon consideration of the record, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close this case.

3. If Waters appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-10 4/23
c:   James Robert Waters, #J36217
     Counsel of record